## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **PRESSURE SYSTEMS** § | |
| **INTERNATIONAL, INC.** § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **CIVIL ACTION NO. 4:07-cv-1930** |
| § | |
| **AIRGO IP, L.L.C.,** § | |
| **AIRGO SYSTEMS, L.L.C.,** § | |
| **ANTHONY INGRAM and** § | |
| **JOHN BRADLEY** § | |
| **Defendants** § | |

### MEMORANDUM AND ORDER

Plaintiff Pressure Systems, Inc. ("PSI") filed this action in state court. Defendants Airgo IP,

L.L.C., Airgo Systems, L.L.C. and Anthony Ingram (collectively "Airgo") removed the case to this

Court on the basis of the complete diversity of the parties. The fourth defendant in the case, John

Bradley ("Bradley"), is, however, a resident of Texas, as is the Plaintiff. This would normally

mean that complete diversity is lacking and the case needed to be remanded to state court. Plaintiff

has filed a Motion to Remand. In response, Airgo argues that Bradley is not a necessary party to

this action and that, even if he were, he should be re-aligned as a second plaintiff rather than as a

defendant. Airgo further argues that, because related litigation is pending in federal court in the

Western District of Oklahoma between several of the parties involved here ("the Oklahoma case"),

this Court should transfer the case.

### I. BACKGROUND

-1-

### A. The Three Agreements

The history of the pending disputes between and among the parties must be reviewed with care.  Bradley was once employed by Airgo.  (Resp. Mot. Remand Ex. A.)  While there, he did some work with Defendant Anthony Ingram ("Ingram").  Airgo contends that, in 1997, Bradley executed a consulting agreement ("the 1997 Agreement") in which he unambiguously waived his rights to any intellectual property developed by Ingram.  (Resp. Mot. Remand 1.)  Bradley has testified, however, that he does not recall signing the 1997 Agreement and  he does not know whether the signature which ostensibly appears on the signature line of the 1997 Agreement is his.  (Resp. Mot. Remand Ex. A.)  In 2003, Bradley entered an Agreement with Airgo ("the 2003 Agreement").  In  March 2007, Bradley executed an assignment to PSI of all his right title and interest to three patents relating to tire inflation systems ("the 2007 Assignment").

In April 2007, counsel for Airgo notified counsel for PSI that the 2007 Assignment was inconsistent with the 1997 Agreement.  Airgo demanded that the 2007 Agreement be rescinded, and threatened to bring suit for slander of title, business defamation, breach of contract, tortious interference with contract, and fraud.

### B. The Oklahoma Case

Equalaire Systems, Inc. ("Equalaire") owns several patents relating to automatic tire inflation systems which it licenses to PSI.  In 2005, PSI and Equalaire, along with their distributor, were sued for patent infringement  in the Western District Court of Oklahoma by the Airgo entities that are defendants in this case. PSI and Equalaire filed a counter claim for infringement of their own patents, and also sued  Ingram for alleged theft of trade secrets while he had been president of PSI. PSI and Airgo are  competitors.

-2-

A "Judgment" was entered in the Oklahoma Case on July 30, 2007, although Airgo contends that a "Motion for Reconsideration" is pending. This Court would also presume that both sides to the Oklahoma Case have the full panoply of appellate rights.

### C. The State Court Case

In May, 2007, PSI filed the state court case that has now been removed to this Court. In its Original Petition, PSI sought declaratory judgment as to the validity of the 1997 Agreement, which appears to have been executed in Texas and governed by Texas law. PSI further sought construction of the 2003 Agreement and the 2007 Assignment.

Airgo filed a timely Notice of Removal.

## II.    THE MOTION TO REMAND

Airgo argues that the presence of Bradley as a defendant in this case has the sole purpose of defeating diversity jurisdiction. In particular, Airgo asserts that the issue of whether PSI has any rights as a consequence of the 2007 Assignment is not even reached until and unless the 1997 Agreement is found to be unenforceable or invalid. There is no justiciable controversy, Airgo contends, between PSI and Bradley, and no possible recovery available to PSI from Bradley. PSI will be making the same arguments as Bradley with regard to the effect of the three contracts. Moreover, Bradley has recently been receiving payments from PSI's outside counsel, although the record is unclear as to whether the payments were for consultation on the Oklahoma Case or for a different task altogether. (Resp. Mot. Remand Ex. A.)

Accordingly, Airgo further argues that, even if Bradley's presence in the case is not considered improper, Bradley should be realigned as a defendant rather than as a plaintiff.   If

-3-

Bradley were either dismissed from the case or realigned as a plaintiff, complete diversity would be lacking, and this Court could then retain jurisdiction.

PSI responds that Bradley is, or is alleged to be, a party to three different contracts, at least two of which are of critical importance to the action that PSI has brought. Moreover, PSI paid $2500 to Bradley for the 2007 Assignment, and Bradley did not previously inform PSI of the existence of the alleged 1997 Agreement. Although PSI does not say so, it implies that, if the 1997 Agreement is valid and binding on Bradley, PSI may have a claim against him. PSI also argues that the construction of the agreements that are in dispute may impose continuing obligations upon Bradley. It is also true that Bradley wishes to be dismissed from this action, which would tend to attenuate any argument that PSI and Bradley are in collusion.

Both PSI and Airgo rely on the *en banc* decision in *Smallwood v. Illinois Central Rwy. Co.,* 385 F.2d 568 (5th Cir. 2004). The different opinions in that case, however, considered a different question: was remand appropriate when the defendant's theory of defense applied equally to the diverse and the non-diverse defendants? The majority concluded that, upon a showing that a plaintiff's state court lawsuit arguably lacked merit as to both defendants, the case was simply unmeritorious, but not one in which there was improper joinder. In this case, Airgo acknowledges that there is a justiciable controversy between it and PSI, but contends that there is none between PSI and Bradley. (Resp. Mot. Remand 1.)

*Smallwood* does seem to be, however, the most authoritative precedent within this Circuit as to the test for improper joinder: "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant." 385 F.3d at 573. This is a rigorous standard, of course, particularly in view of the presumptions that operate. *See, e.g., Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981) (a federal court considering a motion to remand "must resolve all ambiguities in the controlling state law in the plaintiff's favor."*)* The federal court is not to "determine whether the plaintiff will actually or probably prevail on the merits of the claim, but look only for the possibility that the plaintiff might do so." *Guillory,* 434 F.3d at 308-09.

In this instance, PSI has sued all parties to the 1997 Agreement. Although the Court is not prepared to say that PSI's decision to sue Bradley had nothing to do with defeating diversity, intent is not controlling. *Smallwood,* 385 F.2d at 574 ("the motive or purpose of the joinder of in-state defendants is not relevant"). Bradley will certainly be critical as a witness in the case, especially if he continues to take the position that he is not sure he signed the 1997 Agreement. Beyond that, it is not at all fanciful to suppose that his substantive rights may be affected.

The court is aware of the possibility of re-aligning Bradley as a plaintiff. And, it is certainly true that Airgo may feel that Bradley is an adverse party, especially as regards the validity of the 1997 Agreement. Still, PSI and Bradley may also be adverse, and perhaps very much so if a determination is made that Bradley took money from PSI for the 2007 Assignment even though he knew that he had no rights to assign. The court cannot say that there is no possibility that PSI will prevail against Bradley, and, thus, cannot say that PSI improperly joined him as a Defendant, or that he should be re-aligned.

-5-

## III. CONCLUSION

PSI's Motion to Remand is **GRANTED.**  All other motions are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this _____day of August 2007.

_____

**KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**

I